# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICK MANESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-2021-SMY |
| | ) | |
| CHRIS SMITH, | ) | |
| JOSHUA MORRISON, | ) | |
| FAYETTE COUNTY, ILLINOIS, | ) | |
| STATE OF ILLINOIS, | ) | |
| and U.S. CONGRESSIONAL COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nick Maness, who is currently a pretrial detainee at the Fayette County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants discriminated against and persecuted him for having an addiction to methamphetamine by charging and convicting him of drug offenses. He also claims that Defendants have improperly disclosed his medical records to other individuals held at the jail. Plaintiff seeks declaratory judgment, monetary damages, and to have all past charges against him dismissed.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff's Complaint (Doc. 1) is rambling and difficult to read, and the allegations are far from clear. That said, as best the Court can discern, Plaintiff makes the following allegations in his Complaint: Plaintiff is an admitted methamphetamine addict. Instead of receiving treatment for this addiction (which Plaintiff describes as a mental and physical illness), Plaintiff has been targeted and charged by law enforcement for his use of methamphetamine and has been convicted numerous times for his addiction when he really suffers from disease and needs treatment. (Doc. 1, pp. 1-2). As to his present case, Plaintiff was targeted for making methamphetamine and officials searched his uncle's property in order to arrest him. (*Id*. at p. 2). The search was illegal and Plaintiff was targeted for his past convictions and religious beliefs (the Court is unable to decipher Plaintiff's religion other than it being one which Plaintiff alleges places him on a terrorist watch list). (*Id*. at p. 2). Jail officials have released Plaintiff's medical information and hospital records from the Fayette County Hospital to other inmates at the jail. (*Id*. at p. 4).

## Preliminary Dismissals

As an initial matter the Court must address several threshold issues. First, the Court notes that although Chris Smith, Joshua Morrison, U.S. Congressional Court, and the State of Illinois are identified in the captain of Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), he fails to include any specific allegations against these individuals and entities in his actual Complaint. A plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P.

8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, neither the courts nor the State of Illinois are a "person" subject to suit under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

Additionally, to the extent Plaintiff sought to bring claims against Fayette County Sherriff's Department, the department was not included in the case caption. Therefore, it will not be treated as a defendant in this case, and any claims against it should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").[1]

The only entity identified by Plaintiff in both the caption and body of his Complaint is Fayette County, Illinois. However, governmental entities cannot be held liable for the unconstitutional acts of employees, unless those acts are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). The Complaint does not allege that any official policy or custom resulted in a constitutional deprivation. *Ovadal v. City of Madison, Wisconsin,* 416 F.3d 531, 535 (7th Cir. 2005); Fed. R. Civ. P. 8(a)(2). Thus, Plaintiff also fails to state a claim against Fayette County, and Fayette County, Illinois will also be dismissed without prejudice.

---

[1] Plaintiff also fails to identify any claims associated with the Sheriff's Department, other than improperly disclosing his medical records and general harassment due to his numerous arrests. But there is no private right of action under the Health Insurance Portability and Accountability Act ("HIPAA") for the disclosure of his medical records. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011); *Doe v. Bd. of Trustees of Univ. Ill.*, 429 F.Supp.2d. 930, 944 (N.D. Ill. 2006).

**Discussion**

Plaintiff appears to mainly complain about his numerous arrests and convictions without identifying a constitutional violation associated with those incidents. The Court, however, notes one potential claim that Plaintiff may be attempting to bring. Specifically, Plaintiff claims that there was an illegal search of his uncle's property which led to the current charges against him. He also seeks to overturn his previous convictions because he was allegedly targeted based on his religion and the fact that he was an addict.

To the extent Plaintiff alleges an illegal search of his uncle's property without a search warrant, his claim relates to his pending state criminal case and it would be improper for this Court to intervene in that proceeding under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *See also Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). That doctrine dictates that federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green*, 281 F.3d 666.

The *Younger* abstention doctrine is met in this case to the extent that Plaintiff seeks damages related to an illegal search and seizure which "involve constitutional issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. Thus, even if Plaintiff had identified a proper defendant in connection with this claim, he could not raise the claim in federal court while the criminal case was still ongoing. *Gakuba*, 711 F.3d at 753. Instead, the claim would remain stayed until the conclusion of the state criminal proceedings. *Id.* This preserves the claim, so that it does not become time-barred while the criminal matter remains

pending. A stay is not warranted in this case, however, because Plaintiff has failed to identify a proper defendant associated with this claim.

Further, to the extent Plaintiff seeks to challenge his past convictions, §1983 is not the proper avenue for relief. The proper way to challenge a conviction is by filing a direct appeal, a post-conviction petition, or a petition for writ of habeas corpus.

For the foregoing reasons, Plaintiff's Complaint must be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim against any identified Defendant.

**IT IS ORDERED** that, should he wish to proceed with the claims in this case, Plaintiff must file a First Amended Complaint in this case on or before **March 4, 2019**. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff remains obligated to pay the filing fee for this action regardless of his decision to amend.

Generally, the Court will not accept piecemeal amendments to a complaint. An amended complaint supersedes and replaces the original complaint and renders the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004); *but see Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018); *Miller v. Larson*, No. 18-2347, 2018 WL 6584907, at *1 (7th Cir. Dec. 14, 2018) (affording *pro se* litigants some latitude in this regard). Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is subject to review under 28 U.S.C. § 1915A, and no service shall be ordered

until preliminary review is completed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 2/4/2019**

*/s/ Staci M. Yandle*
**Staci M. Yandle
United States District Judge**