# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICK MANESS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CHRIS SMITH, )<br>JOSHUA MORRISON, )<br>FAYETTE COUNTY, ILLINOIS, )<br>STATE OF ILLINOIS, )<br>And U.S. CONGRESSIONAL COURT, )<br>)<br>Defendants. ) | Case No. 18-cv-2021-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nick Maness, a detainee at the Fayette County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint did not survive screening because Plaintiff failed to identify a specific individual associated with his claim. (Doc. 13). As a result, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) on February 4, 2019.

Plaintiff was granted leave to file an amended complaint by March 4, 2019 and was warned that the case would be dismissed with prejudice if he failed to take any action by this deadline. (Doc. 13, p. 5). At least a week has passed since the deadline expired and Plaintiff has not requested an extension or filed an amended complaint. Also, the Court's Order was returned as undeliverable as Plaintiff is no longer at the Fayette County Jail and has failed to update his address with the Court. (Doc. 15).

1

It appears Plaintiff is no longer interested in pursuing this matter, and the Court cannot allow it to linger indefinitely. Accordingly, this case will be **DISMISSED with prejudice**.

**Disposition**

**IT IS HEREBY ORDERED** that this action **is DISMISSED with prejudice** for failure to state a claim in his original Complaint and failing to file a First Amended Complaint as ordered by the Court. This dismissal shall count as a "strike" for purposes of 28 U.S.C. §1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed.R.App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed.R.App.P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed.R.App.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/18/2019**

*/s/ Staci M. Yandle*
**United States District Judge**
